# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-60412

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

BEKIM CINAJ

Petitioner

v.

ALBERTO R. GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

No. A98-555-003

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bekim Cinaj[1] applied for political asylum in the United States. The Immigration Judge granted Cinaj political asylum and withholding of removal. The Board of Immigration Appeals vacated the decision, finding Cinaj ineligible for asylum or withholding removal. Cinaj petitions for review of the BIA's order. We grant the petition, vacate the order, and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Petitioner states that his last name is "Cenaj." However, his name is listed as "Cinaj" on the notice to appear, on the BIA's decision, and in the parties' briefs. For consistency, we refer to the petitioner as "Cinaj."

I.

Cinaj is a citizen of Kosovo in Serbia and Montenegro. Border Patrol detained him in Laredo, Texas. The Department of Homeland Security charged Cinaj with being ineligible for admission and subject to removal. Appearing before an Immigration Judge (IJ), Cinaj admitted his nationality and his attempt to enter the United States but denied being removable. The IJ found that Cinaj was inadmissible and subject to removal. Cinaj then requested asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He filed a written asylum application asserting that he feared returning to Kosovo because of persecution on account of political opinion.

The IJ conducted a hearing on Cinaj's application. The IJ granted Cinaj asylum and withholding of removal, but denied relief under the CAT. The IJ found Cinaj to be a credible witness. The IJ concluded that Cinaj suffered past persecution, which caused Cinaj to go into hiding and leave the country. The IJ further reasoned that Cinaj had a well-founded fear of future persecution, which was supported in part by the continued volatility in Kosovo and threats Cinaj's family continued to receive after he left.

II.

On appeal the BIA vacated the IJ's decision. The BIA reasoned that "[e]ven if [it] agreed with the Immigration Judge's assessment" that Cinaj suffered past persecution, Cinaj failed to meet his burden of showing that the Kosovar government was unable or unwilling to protect him from the unknown assailants who attacked him and who also murdered a friend of his allegedly on account of political activity. Moreover, Cinaj failed to report the incidents to the UN peacekeeping forces. The BIA took administrative notice of the 2005 State Department Country Report for Serbia and Montenegro, noting that the UN continued to transfer police authority to the Kosovo Police Service (KPS). The BIA stated that the country report showed that an international commissioner

of police directed both the UN force and the KPS and that "the combined force was generally effective and constituted an improvement over previous years." The BIA concluded that Cinaj failed to satisfy his burden of proof for asylum and failed to satisfy his burden with respect to the more stringent standard for withholding of removal and relief under the CAT. Cinaj filed a timely petition for review.

### III.

Cinaj contends, inter alia, that the BIA misapplied that burden of proof by requiring him to prove future persecution. Specifically, he argues that because he established past persecution he is entitled to a presumption of future persecution, which the government must rebut by a preponderance of the evidence. We agree.

"We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision."[2] While we review the BIA's factual findings under the substantial evidence standard, we review conclusions of law de novo.[3] We "may reverse a decision that was decided on the basis of an erroneous application of the law."[4]

If an alien establishes past persecution, the alien "shall also be presumed to have a well-founded fear of persecution on the basis of the original claim."[5] The presumption may be rebutted by a preponderance of the evidence showing that there has been "a fundamental change in circumstances" negating the alien's well-founded fear or that the alien "could avoid future persecution by

---

[2] Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

[3] Id. at 302, 305.

[4] Id. at 305.

[5] CFR § 208.13(b)(1) (emphasis added).

relocating to another part" of the alien's country.[6] When the alien demonstrates past persecution, the regulations place the burden of proof on the government to rebut the presumption of a well-founded fear of persecution.[7]

Here, the BIA placed the burden of proof on Cinaj. The BIA held that "even if [it] agreed" that Cinaj had suffered past persecution, "the respondent failed to meet his burden of proving that the Kosovar government would be unable or unwilling to protect him from persecution." Once the BIA assumed Cinaj's allegations of past persecution, the regulations placed the burden of rebutting the presumption that Cinaj has a "well-founded fear of persecution on the basis of the original claim" on the government. The BIA erred in failing to switch the burden of proof to the government.[8]

Although Cinaj would have us reach the merits of his claims,[9] we vacate the BIA's order and remand, allowing the BIA the opportunity to consider Cinaj's claims under the proper standard in the first instance.[10]

We note, however, that the BIA has a responsibility to consider the particular circumstances confronting an asylum applicant when determining whether there is a danger of future persecution.[11] While the BIA may take

---

[6] CFR § 208.13(b)(1)(i).

[7] CFR § 208.13(b)(1)(ii).

[8] See De Brenner v. Ashcroft, 388 F.3d 629, 638-39 (8th Cir. 2004); Fergiste v. I.N.S., 138 F.3d 14, 18-19 (1st Cir. 1998); Mikhael, 115 F.3d at 306.

[9] See Fergiste, 138 F.3d at 19-21 (considering the merits after determining that the BIA misapplied the burden of proof).

[10] See Mikhael, 115 F.3d at 306 (remanding where BIA adopted IJ's erroneous application of burden of proof); see also Osorio v. INS, 99 F.3d 928, 932-33 (9th Cir. 1996); Tarvand v. INS, 937 F.2d 973, 977 (4th Cir. 1991).

[11] See CFR § 208.13(b)(1)(A) ("There has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution . . . ." (emphasis added)); id. § 208.13(b)(1)(B) ("The applicant could avoid future persecution . . . ." (emphasis added)).

account of changed country conditions,[12] it may not do so in lieu of making that individualized assessment.[13]

IV.

Accordingly, we GRANT the petition, VACATE the BIA's order, and REMAND for further proceedings.

---

[12] See Rivera-Cruz v. I.N.S., 948 F.2d 962, 966-67 (5th Cir. 1991).

[13] See, e.g., Gailius v. I.N.S., 147 F.3d 34 (1st Cir. 1998); Osorio v. I.N.S., 99 F.3d 928, 932-33 (9th Cir. 1996); de la Llana-Castellon v. I.N.S., 16 F.3d 1093 (10th Cir. 1994); Kaczmarczyk v. I.N.S., 933 F.2d 588, 594-95 (7th Cir. 1991); see also Abdel-Masieh v. I.N.S., 73 F.3d 579 (5th Cir. 1996) ("While we do not require that the BIA address evidentiary minutia or write any lengthy exegesis, its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." (citation omitted)).